IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FANSTEEEL METALS, INC. F/K/A FMRI, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITIGROUP, INC.; and <br> UNION CARBIDE CORPORATION, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 6:22-cv-00366-JFH-GLJ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT STATUS REPORT**

JURY DEMANDED: \_\_\_\_\_ Yes \_\_\_\_\_ No

Pursuant to Federal Rules of Civil Procedure 26(f), a meeting was held on \_\_\_\_\_ at \_\_\_\_\_. Plaintiff appearing by counsel, Gary D. Justis, Defendant Citigroup, Inc., appearing by counsel, Michael S. Linscott, and Defendant Union Carbide Corporation appearing by counsel, Garrett L. Boehm, Jr.

**I.    Summary of Claims (Plaintiff):**

1.    This is a civil action pursuant to the provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA"), relating to the release and/or threatened release of hazardous substances from the former Fansteel, Inc. facility located at 10 Tantalum Place, Muskogee County, Muskogee, Oklahoma, as well as any area where hazardous substances that migrated from the Fansteel site have come to be located (collectively, the "Fansteel Site").

2.    This case was filed on December 14, 2022 (Dkt. # 2). As indicated in the Civil Cover Sheet (Dkt. # 1), this case is related to the pending case styled *Fansteel Metals, Inc. v. Muskogee City-Country Port Authority, et al.*, No. 21-cv-102-RAW, pending before Chief Judge Ronald A. White ("Underlying Case"). This separate related case was filed by Plaintiff's

undersigned counsel because Plaintiff's lead counsel in the underlying case has conflicts with Defendants Citigroup, Inc. ("Citigroup") and Union Carbide Corporation ("UCC").

3. Both Citigroup and UCC have waived service and Plaintiff has filed their executed Waivers of Service in this case (Dkt. # 8, 11).

4. Through an unopposed Motion for Extension of Time granted by the Court, UCC's current deadline to file a responsive pleading to the Complaint is April 17, 2023 (Dkt. # 9, 10).

5. By virtue of Citigroup's executed Waiver of Service, Citigroup's current deadline to file a responsive pleading to the Complaint is April 24, 2023 (Dkt. # 11).

6. The Underlying Case was filed on April 1, 2021 (Underlying Case Dkt. # 1) and is currently operating under a Second Amended Complaint filed by Plaintiff against 40 named defendants (Underlying Case Dkt. # 89).

7. Chief Judge White has entered a series of Orders in the Underlying Case allowing agreed-upon extensions for defendants to appear and otherwise file responsive pleadings in the Underlying Case (Underlying Case Dkt. # 52, 96, 110, 135, 144, 148, 183, 195) and for periodic Joint Status Reports (Underlying Case Dkt. # 39, 110, 135, 144, 148, 183, 195).

8. The main purpose of the multiple extensions in the Underlying Case is to allow the parties to the Underlying Case to discuss settlement, which is dependent on two items necessary for Plaintiff to issue settlement offers and for the parties to discuss settlement in a meaningful way: (1) Plaintiff's completion of residual waste material ("RWM") calculations for all defendants and U.S. EPA's evaluation and validation of such RWM calculations through EPA's contractor Toeroek Associates, Inc. ("Toeroek"), which RWM calculations will form the basis of Plaintiff's settlement offers; and (2) U.S. EPA's involvement in settlements with defendants so that such defendants can receive covenants not to sue and statutory contribution protection from EPA in any

such settlements.

9. As reported by the parties in the Underlying Case as part of their last Status Report filed on February 20, 2023, U.S. EPA does not yet have an anticipated completion date for its contractor Toeroek to complete its work (Underlying Case Dkt. # 200, at 3).

10. The same holds true in this separate but related case. Plaintiff's counsel is preparing RWM calculations for Citigroup and UCC to present to U.S. EPA's contractor Toeroek to allow Toeroek to evaluate and validate such calculations.

11. After Toeroek completes it validation work with respect to the RWM calculations for Citigroup and UCC, Plaintiff will be able to present such calculations and supporting documents to Citigroup and UCC without a discovery request or Court Order to do so, and will be in a position to start discussing settlement with Citigroup and UCC.

12. Until such time, the Plaintiff believes it is in the best interest to either transfer this case to Chief Judge White since it is a related case, or at least enter similar Orders that Chief Judge White has entered in the Underlying Case for extensions of time for Citigroup and UCC to file responsive pleadings and for periodic Joint Status Reports from the parties. In the Underlying Case, Plaintiff can issue written extensions of time until June 1, 2023 for defendants to appear and file responsive pleadings and next Joint Status Report in the Underlying Case is due by May 22, 2023 (Underlying Case Dkt. # 195).

13. Plaintiff, respectfully requests that this Court either transfer this case to Chief Judge White as a related case or enter an appropriate Order: (1) extending the time to and including June 1, 2023 for Citigroup and UCC to file responsive pleadings to Plaintiff's Complaint (same date as in the Underlying Case); (2) requiring the parties to file an updated Joint Status Report by May 22, 2023 (same date as in the Underlying Case); and (3) grant such additional relief as the Court deems

just and appropriate under the circumstances.

    14.

II. **Summary of Defenses**

    A.    **(Defendant Citigroup):** Defendant Citigroup's responsive pleading is not due until April 24, 2023; accordingly, it is still considering its possible defenses as well as the matters stated in Section I, above, by Plaintiff. Defendant Citigroup has not agreed at this time to the Plaintiff's requested procedures, the request to transfer or for consolidation of the cases referenced above by Plaintiff, nor the EPA settlement process, as it has not completed its pre-response investigation of several issues and, therefore, reserves all of its rights as to defenses and procedural issues, and does not waive any of its Fed. R. Civ. P. 12 (b) or other defenses it may assert in a responsive motion or answer to Plaintiff's Complaint. Defendant Citigroup is open to considering the settlement process outlined by Plaintiff and will consider it and all of the options noted above by Plaintiff. However, Defendant Citigroup has not had the benefit of the documents referred to by Plaintiff above in I, but we understand that Plaintiff will provide us with those documents the week of April 3, 2023. Upon review of those documents and our continued investigation, it may be appropriate for the Parties to provide the court with an Amended Joint Status Report within 10 days after responding to the Complaint.

    B.    **(Defendant UCC):** Defendant UCC's responsive pleading is not due until April 17, 2023; accordingly, UCC is still considering its possible defenses as well as the matters stated in Section I, above, by Plaintiff. UCC has not agreed at this time to the Plaintiff's requested procedures, the request to transfer or for consolidation of the cases referenced above by Plaintiff, nor the EPA settlement process, as it has not completed its pre-response investigation of several issues and, therefore, reserves all of its rights as to defenses and procedural issues, and does not waive any of its Fed. R. Civ. P. 12 (b) or other defenses it may assert in a responsive motion or answer to Plaintiff's Complaint. UCC is open to considering the settlement process outlined by Plaintiff and will consider it and all of the options noted above by Plaintiff. However, UCC has not had the benefit of the documents referred to by Plaintiff above in I, but we understand that Plaintiff will provide us with those documents the week of April 3, 2023. Upon review of those documents and continued investigation, it may be appropriate for the Parties to provide the court with an Amended Joint Status Report within 10 days after responding to the Complaint.

III. **Motions Pending:** *Please include Docket Number, Title of Pleading, and date filed.*

    None.

IV. **Are Dispositive Motions Anticipated?** *If so, describe them.*

    Defendant Citigroup: Subject to II above, possible Motions to Dismiss and Motions for Summary Judgment.

  Defendant UCC: Subject to II above, possible motions to dismiss and motions for summary judgment.

V. **Stipulations:** *Please provide appropriate stipulations of fact and law. "None at this time" is not an appropriate response.*

  A. Jurisdiction Admitted: ____Yes ___ No, Explain:
  B. Venue Appropriate: ___ Yes ___ No, Explain:
  C. Facts: ____Yes ___No, Explain:

  Notwithstanding the above admonition for this response, because Defendants Citigroup and UCC have not answered or responded, as noted above in Section II above, and as pre-response investigation is continuing, neither Defendant is prepared to stipulate to facts at this time.

  D. Law: CERCLA and other Federal law.

VI. **Proposed Deadlines**:

  A. Parties to be Added by: Defendants: Unknown at this time for the reasons stated above in II.

  B. Proposed Discovery Cutoff Date (4 months of Discovery Unless Extended by the Court for Good Cause):

    Defendants are unable to address this information at this time, as Defendants have not answered or responded, as noted above in Section II above, and pre-response investigation continues, but the time needed for discovery in this matter may be significantly longer than 4 months.

  C. Fact Witness Lists to be Exchanged by:

Defendants are unable to address this information at this time, as Defendants have not answered or responded as noted above in Section II, above, and pre-response investigation is continuing.

  D. Proposed Date for Expert Reports by Plaintiff and Defendant:

Defendants are unable to address this information at this time, as the dispute is in a pre-response investigation phase and Defendants have not answered or responded as noted above in Section II, and will need to determine expert needs after responding.

  E. Anticipated number of trial days (excluding jury selection): Unknown at this time as stated above in Section II.

VII. **Fed. R. Civ. P. 26(f) Discovery Plan**

A. Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)? _X_ Yes (If yes, explain) See above responses and below in VII (B).
___ No

B. When were or will initial disclosures under Rule 26(a)(1) be made?

Defendants are unable to address this information at this time, as Defendants are conducting pre-response investigation and have not answered or responded, as noted above in Section II, and additionally, Defendants will need to review the materials produced in the related case, referenced above in Section I. Defendants propose that initial disclosures under Rule 26 (a) (1) be made 14 days after receipt of the U.S. EPA contractor, Toeroek's work is completed and received by the applicable parties. Plaintiff states in (I) above that Toeroek may complete its work prior to June 1, 2023. Should that be the case, initial disclosures under Rule 26(a)(1) will be made by June 15, 2023.

Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan. All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non- disclosure so that the issue can be promptly referred to a magistrate judge for resolution. Failure of any party to disclose information or failure of any party to bring disclosure issues to the Court's attention in a timely manner may result in sanctions, including prohibiting the use of that information at trial pursuant to Rule 37(c)(1).

C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues? _Yes ___ No

Subject to its statements in Section II above, Defendants believe discovery may need to be conducted in phases.

D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules? _X_ Yes (If yes, explain) ___ No

Defendants: Possibly, but again, more investigation into the related case and the facts of this case is needed to make this determination, which is ongoing prior to its due date for responsive pleading.

E. Proposed Number of Fact and Expert Depositions:

1. To be allowed for Plaintiff?

Defendant Citigroup: For the reasons stated above in Section II, more investigation into the related case and the facts of this case is needed to make this determination.

2. To be allowed for Defendant?

      Defendants: For the reasons stated above in Section II, more investigation into the related case and the facts of this case is needed to make this determination.

  F.  Is there a need for any special discovery management order(s) by the Court? _X_ Yes (If yes, explain) ___ No

    Defendants: For the reasons stated above in Section II, more investigation into the related case and the facts of this case is needed to make this determination.

**VIII.** **All parties consent to trial before Magistrate Judge?** ___ Yes _X_ No

**IX.** **Settlement Plan**  **(Check one)**

  A.  Settlement Conference Requested after _____, 2023.

    Defendants:  See above in Sections I and II; for the reasons stated above, more investigation into the related case and the facts of this case is needed to make this determination.

  B. _X_ Other ADR: (Explain)

    Defendants:  See above in Sections I and II; for the reasons stated above, more investigation into the related case and the facts of this case is needed to make this determination.

**X.** **Do the parties request that the court hold a scheduling conference?** _X_ Yes ___ No

The Court has set a Scheduling Conference for April 7, 2023.

A conference will be ordered by the Court if the parties have not consented to trial before the assigned Magistrate Judge. If a conference is NOT requested or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

Read and Approved by:

**THE JUSTIS LAW FIRM LLC**


*/s/Gary D. Justis*
Gary D. Justis
P.O. Box 3408
201 Elk Ave., Unit B
Crested Butte, CO  81224
Telephone:  (970) 248-8360
Facsimile:  (970) 248-8386
Email:  gjustis@justislawfirm.com
ATTORNEYS FOR FANSTEEL METALS, INC. F/K/A FMRI, INC.


**DOERNER, SAUNDERS, DANIEL & ANDERSON, LLP**


*/s/Michael S. Linscott*
William C. Anderson, OBA #292
Linda C. Martin, OBA #5732
Michael S. Linscott, OBA #17266
Michael J. English, OBA #21502
2 West Second St. Ste. 700
Tulsa, OK 74103
Telephone: (918) 582-1211
wanderson@dsdsa.com
lmartin@dsda.com
mlinscott@dsda.com
ATTORNEYS FOR CITIGROUP, INC.


**RICHARDS & CONNOR, PLLP**


*/s/Ethan M. Sneed*
Ethan M. Sneed
12th Fl., ParkCentre Bldg.
525 South Main Street
Tulsa, OK  74103
T: (918) 585-2394
esneed@richardsconnor.com
ATTORNEYS FOR UNION CARBIDE CORPORATION

**JOHNSON & BELL, LTD.**

Garrett L. Boehm, Jr. (admitted pro hac vice)
Michael J. Linneman (admitted pro hac vice)
Daniel M. Yukich (admitted pro hac vice)
33 W. Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770
boehmg@jbltd.com
linnemanm@jbltd.com
yukichd@jbltd.com
ATTORNEYS FOR UNION CARBIDE CORPORATION