IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FANSTEEEL METALS, INC. F/K/A FMRI, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITIGROUP, INC.; and <br> UNION CARBIDE CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) Civil Action No. 6:22-cv-00366-JFH-GLJ ) ) ) ) ) ) ) |

# THIRD JOINT STATUS REPORT

The parties hereto ("Parties"), comprising the Plaintiff, Fansteel Metals, Inc. f/k/a FMRI, Inc. ("Plaintiff" or "Fansteel"), by and through its undersigned counsel, and Defendants Citigroup, Inc. ("Citigroup") and Union Carbide Corporation ("UCC"), by and through their respective undersigned counsel, subject to each Defendants' reservation of all defenses and procedural rights including all those under Fed. R. Civ. P 12 (b), except as to service, and subject to all other defenses they may later assert in a responsive motion or answer to Plaintiff's Complaint, without waiver, respectfully submit this updated Third Joint Status Report:

1. This is a civil action pursuant to the provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq*. ("CERCLA"), relating to the release and/or threatened release of hazardous substances from the former Fansteel, Inc. facility located at 10 Tantalum Place, Muskogee County, Muskogee, Oklahoma, as well as any area where hazardous substances that migrated from the Fansteel site have come to be located (collectively, the "Fansteel Site").

2. This case was filed on December 14, 2022 (Dkt. #2). As indicated in the Civil Cover

Sheet (Dkt. #1), this case is related to the pending case styled *Fansteel Metals, Inc. v. Muskogee City-County Port Authority, et al.*, Case No. 21-cv-102-RAW ("Underlying Case"). This separate related case was filed by Plaintiff's undersigned counsel because Plaintiff's lead counsel in the Underlying Case has conflicts with Citigroup and UCC.

3. Both Citigroup and UCC have waived service and Plaintiff has filed their executed Waivers of Service in this case (Dkt. # 8, 11), but have reserved all of their respective rights to assert all defenses and procedural rights including all those under Fed. R. Civ. P 12 (b), except for service as noted above, and subject to all other defenses they may later assert, without waiver.

4. By virtue of the original Joint Status Report filed by the Parties on April 3, 2023 (Dkt. #29), the Court extended the time for both Citigroup and UCC to answer or file responsive pleadings to Plaintiff's Complaint to June 1, 2023, and further ordered the Parties to submit their Second Joint Status Report by May 22, 2023 (Dkt. #30), which the Parties filed on May 22, 2023 (Dkt. #31).

5. On May 31, 2023, UCC filed its unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint until September 1, 2023 (Dkt. #32), which the Court granted the same day through a Minute Order (Dkt. #33).

6. On May 31, 2023, Citigroup filed its unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint until September 1, 2023 (Dkt. #34), which the Court granted on June 1, 2023 through a Minute Order (Dkt. #35).

7. This Third Status Report is being filed the same day as the Seventh Updated Status Report in the Underlying Case.

8. Plaintiff's Section 113(f) claims arose on June 2, 2020, when the Bankruptcy Court for Fansteel Inc.'s 2016 bankruptcy entered the Environmental Settlement Agreement ("ESA")

2

that resolved claims against Fansteel and Plaintiff by the United States, on behalf of the Nuclear Regulatory Commission ("NRC") and Environmental Protection Agency ("EPA"), and the Oklahoma Department of Environmental Quality ("ODEQ").

9. Pursuant to the ESA, Plaintiff was to complete its investigation and remediation of the Fansteel Site as required by the NRC, EPA and ODEQ and to pursue all potentially responsible parties ("PRPs") under CERCLA for their share of Fansteel's and Plaintiff's response costs incurred and to be incurred to investigate and remediate the Fansteel Site. As relevant here, Section 113(f)(3)(B) provides:

> A person that has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement referred to in [Section 113(f)(2)].

10. Plaintiff's pursuit of contribution from PRPs based on its settlement is subject to a three-year statute of limitations from the date of "entry of a judicially approved settlement with respect to such costs." 42 U.S.C. § 9613(f)(2). Such period thus expires June 2, 2023. *See id*.

11. As noted in prior Status Reports filed in the Underlying Case, Plaintiff previously furnished to the EPA documents that comprise its Vendor Documents that it compiled in order to respond to the EPA's Request for Information pursuant to 42 U.S. Code § 9604(e) (the "EPA RFI").

12. In addition to the EPA RFI-responsive Vendor Documents, the following additional records have been provided by Plaintiff to the EPA:

    a. Additional secondary and further supportive Vendor Documents not included in Plaintiff's EPA RFI response;

    b. Copies of Plaintiff's Chart of preliminary volumetric calculations for the Vendor Defendants' residual waste materials ("RWM") at the Fansteel Site,

3

including its initial February 1, 2022 Chart, as well as its April 25, 2022 Updated Chart, its March 14, 2023 Second Updated Chart, and its further revised March 28, 2023 Second Updated Chart, which were updated and revised as described in greater detail below;

c. Copy of preliminary volumetric RWM calculations spreadsheet for Citigroup (reflecting RWM based upon Philipp Brothers, Inc.'s purchase arrangements with Fansteel[1]), performed by Plaintiff's counsel in the Companion Action[2]; and

d. A summary version of Plaintiff's updated Confidential Memorandum, to inform the EPA and DOJ about the private-party settlement structure options Plaintiff will be presenting to Citigroup and UCC once the RWM calculations are completed and reviewed and approved by EPA and its contractor.

13. Counsel for Plaintiff in this case has informally provided all nexus documents used to perform RWM calculations for Citigroup and UCC to counsel for Citigroup and UCC in this case.

14. Plaintiff's counsel in this case has also informally provided to counsel for Citigroup and UCC all nexus documents for Vendor Defendants in the underlying case, as well as various technical administrative records for the Fansteel Site.

15. Since the Parties' Second Joint Status Report filed on May 22, 2023, there have

---

[1]  In its Complaint, Plaintiff alleges that Citigroup is the successor to the environmental liabilities of Philipp Brothers, Inc. at the Fansteel Site.

[2]  Preliminary volumetric calculations for UCC's RWM at the Fansteel Site are currently being performed by EPA's contractor Toeroek Associates, Inc. EPA has indicated it may provide such calculations to Plaintiff and UCC upon completion.

been significant developments with respect to the Fansteel Site.

16. EPA and DOJ Enforcement are still in the process of determining which Vendor Defendants will be classified as *de minimis* and non-*de minimis* for purposes of *de minimis* settlement offers issued by EPA to *de minimis* Vendor Defendants and potential general and/or special notice letters from EPA to non-*de minimis* Vendor Defendants. While Fansteel cannot yet state for certain whether Citigroup or UCC will be classified as *de minimis* or non-*de minimis* Vendor Defendants at the Fansteel Site, Plaintiff currently believes both Citigroup and UCC will be classified as non-*de minimis* Vendor Defendants at the Fansteel Site.

17. As such, Plaintiff has commenced Fed. R. Evid. 408 settlement discussions with both Citigroup and UCC. Along those lines, Plaintiff has provided the basic outline and terms of confidential proposed settlement options to both Citigroup and UCC, which will provide both Citigroup and UCC with the options of either choosing one of the alternative settlement paths or an option to engage in active litigation starting sometime after December 1, 2023.

18. Each settlement option Plaintiff will present to Citigroup and UCC will be based on the potential negotiation and execution of an appropriate bilateral settlement agreement with Plaintiff, subject to a contingency that their liability to Plaintiff under any such settlement agreement will be subject to a contingency that their liability to Plaintiff under that agreement will only become final – with payment due – upon finalizing a settlement with the EPA and DOJ Enforcement.

19. Due to the timing discussed above and the uncertainty regarding the timing for the EPA and DOJ Enforcement to determine and implement *de minimis* settlements with eligible Vendor Defendants, and consistent with the contemporaneous Seventh Updated Status Report in the Underlying Case, Citigroup and UCC plan to file additional unopposed motions seeking further

extensions of time to and including **December 1, 2023** for Citigroup and UCC to answer or file responsive pleadings to Plaintiff's Complaint in this case.

20.     The requested extensions of time to and including **December 1, 2023** for Citigroup and UCC to answer or file responsive pleadings to Plaintiff's Complaint will continue to streamline and facilitate Plaintiff's Fed. R. Evid. 408 settlement discussions with Citigroup and UCC, allowing each Citigroup and UCC to focus their resources on the settlement track and in evaluating their respective liability and Plaintiff's proposed settlement options at the appropriate time when the EPA and DOJ are prepared to allow settlements that resolve Defendants' liability to the United States. The Parties believe such an extension of time saves judicial resources from having to monitor the status of each Defendant's compliance with its respective Fed. R. Civ. P. 6 or 12 deadlines and from having to address a cluttered docket that would certainly result if each of them was required to seek individualized and varied extensions of time during the pendency of their upcoming and ongoing settlement discussions with Plaintiff.

21.     As with the Underlying Case, the Parties intend to update the Court regarding the status of this case and all settlement discussions prior to the expiration of the additional leave to grant further extensions being sought by Plaintiff, on or before **November 20, 2023**.

Dated:  August 21, 2023

Respectfully submitted,

**THE JUSTIS LAW FIRM LLC**

*/s/Gary D. Justis*
Gary D. Justis E.D. Okla. ID 56723CO
P.O. Box 3408
201 Elk Ave., Unit B
Crested Butte, CO  81224
Telephone:  (970) 248-8360
Facsimile:  (970) 248-8386
Email:  gjustis@justislawfirm.com

6

ATTORNEYS FOR PLAINTIFF FANSTEEL METALS, INC. F/K/A FMRI, INC.
**DOERNER, SAUNDERS, DANIEL & ANDERSON, LLP**

*/s/ Michael S. Linscott*
William C. Anderson, OBA #292
Linda C. Martin, OBA #5732
Michael S. Linscott, OBA #17266
Michael J. English, OBA #21502
2 West Second St. Ste. 700
Tulsa, OK 74103
Telephone: (918) 582-1211
wanderson@dsdsa.com
lmartin@dsda.com
mlinscott@dsda.com

ATTORNEYS FOR CITIGROUP, INC.

**RICHARDS & CONNOR, PLLP**

*/s/Ethan M. Sneed*
Ethan M. Sneed
12th Fl., ParkCentre Bldg.
525 South Main Street
Tulsa, OK  74103
T: (918) 585-2394
esneed@richardsconnor.com

ATTORNEYS FOR UNION CARBIDE CORPORATION

**JOHNSON & BELL, LTD.**

*/s/Garrett L. Boehm, Jr.*
Garrett L. Boehm, Jr. (admitted pro hac vice)
Michael J. Linneman (admitted pro hac vice)
Daniel M. Yukich (admitted pro hac vice)
33 W. Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770
boehmg@jbltd.com
linnemanm@jbltd.com
yukichd@jbltd.com

ATTORNEYS FOR UNION CARBIDE CORPORATION

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2023, a copy of the foregoing Third Joint Status Report was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's Electronic Case Filing System.

/s/ *Gary D. Justis*
Gary D. Justis