IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FANSTEEEL METALS, INC. F/K/A FMRI, INC., <br><br>Plaintiff, <br><br>v. <br><br>CITIGROUP, INC.; and UNION CARBIDE CORPORATION, <br><br>Defendants. | ) ) ) ) ) ) Civil Action No. 6:22-cv-00366-JFH-GLJ ) ) ) ) ) ) |

## SIXTH JOINT STATUS REPORT

The parties hereto ("Parties"), comprising the Plaintiff, Fansteel Metals, Inc. f/k/a FMRI, Inc. ("Plaintiff" or "Fansteel"), by and through its undersigned counsel, and Defendants Citigroup, Inc. ("Citigroup") and Union Carbide Corporation ("UCC"), by and through their respective undersigned counsel, subject to each Defendants' reservation of all defenses and procedural rights including all those under Fed. R. Civ. P 12 (b), except as to service, and subject to all other defenses they may later assert in a responsive motion or answer to Plaintiff's Complaint, without waiver, respectfully submit this updated Sixth Joint Status Report:

1. This is a civil action pursuant to the provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq*. ("CERCLA"), relating to the release and/or threatened release of hazardous substances from the former Fansteel, Inc. facility located at 10 Tantalum Place, Muskogee County, Muskogee, Oklahoma, as well as any area where hazardous substances that migrated from the Fansteel site have come to be located (collectively, the "Fansteel Site").

2. This case was filed on December 14, 2022 (Dkt. #2). As indicated in the Civil Cover

Sheet (Dkt. #1), this case is related to the pending case styled *Fansteel Metals, Inc. v. Muskogee City-County Port Authority, et al.*, Case No. 21-cv-102-RAW ("Underlying Case"). This separate related case was filed by Plaintiff's counsel because Plaintiff's lead counsel in the Underlying Case has conflicts with Citigroup and UCC.

3. Both Citigroup and UCC have waived service and Plaintiff has filed their executed Waivers of Service in this case (Dkt. # 8, 11), but have reserved all of their respective rights to assert all defenses and procedural rights including all those under Fed. R. Civ. P 12 (b), except for service as noted above, and subject to all other defenses they may later assert, without waiver.

4. By virtue of the Fifth Joint Status Report filed by the Parties on March 20, 2024 (Dkt. #48) and unopposed motions for extensions of time filed by Citigroup and UCC to answer or otherwise respond to Plaintiff's Complaint until April 1, 2024 (Dkt. #51, 49), the Court extended the time for both Citigroup and UCC to answer or file responsive pleadings to Plaintiff's Complaint to July 1, 2024, but did not order a subsequent joint status report though the parties advised the Court that they would submit a joint status report by June 20, 2024. Plaintiff's counsel has reviewed and approved the filing of this Sixth Joint Status Report, and further said he will consent to Defendants' anticipated motions for extension to answer or otherwise respond to Plaintiff's Complaint.

5. Plaintiff maintains that its Section 113(f) claims arose on June 2, 2020, when the Bankruptcy Court for Fansteel Inc.'s 2016 bankruptcy entered the Environmental Settlement Agreement ("ESA") that resolved claims against Fansteel and Plaintiff by the United States, on behalf of the Nuclear Regulatory Commission ("NRC") and Environmental Protection Agency ("EPA"), and the Oklahoma Department of Environmental Quality ("ODEQ").

6. Pursuant to the ESA, Plaintiff was to complete its investigation and remediation of

the Fansteel Site as required by the NRC, EPA and ODEQ and to pursue all potentially responsible parties ("PRPs") under CERCLA for their share of Fansteel's and Plaintiff's eligible response costs incurred and to be incurred to investigate and remediate the Fansteel Site. As relevant here, Section 113(f)(3)(B) provides:

> A person that has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement referred to in [Section 113(f)(2)].

7. Plaintiff's pursuit of contribution from PRPs based on its settlement is subject to a three-year statute of limitations from the date of "entry of a judicially approved settlement with respect to such costs." 42 U.S.C. § 9613(f)(2). Plaintiff maintains such period thus expired June 2, 2023. *See id*.

8. As noted in prior Status Reports filed in the Underlying Case, Plaintiff previously furnished to the EPA documents that comprise its Vendor Documents that it compiled in order to respond to the EPA's Request for Information pursuant to 42 U.S. Code § 9604(e) (the "EPA RFI").

9. In addition to the EPA RFI-responsive Vendor Documents, Plaintiff has stated that the following additional records have been provided by Plaintiff to the EPA:

    a. Additional secondary and further supportive Vendor Documents not included in Plaintiff's EPA RFI response;

    b. Copies of Plaintiff's Chart of preliminary volumetric calculations for the Vendor Defendants' residual waste materials ("RWM") at the Fansteel Site, including its initial February 1, 2022 Chart, as well as its April 25, 2022 Updated Chart, its March 14, 2023 Second Updated Chart, and its further

revised March 28, 2023 Second Updated Chart, which were updated and revised as described in greater detail below;

c. Copy of preliminary volumetric RWM calculations spreadsheet for Citigroup (reflecting RWM based upon Philipp Brothers, Inc.'s purchase arrangements with Fansteel[1]), performed by Plaintiff's counsel in the Companion Action[2]; and

d. A summary version of Plaintiff's updated Confidential Memorandum, to inform the EPA and DOJ about the private-party settlement structure options Plaintiff will be presenting to Citigroup and UCC once the RWM calculations are completed and reviewed and approved by EPA and its contractor.

10. Counsel for Plaintiff in this case has informally provided all nexus documents used to perform RWM calculations for Citigroup and UCC to counsel for Citigroup and UCC in this case.

11. Plaintiff's counsel in this case has also informally provided to counsel for Citigroup and UCC all nexus documents for Vendor Defendants in the underlying case, as well as various technical administrative records for the Fansteel Site.

12. Since the Parties' Fifth Joint Status Report filed on March 20, 2024, there continue to be developments with respect to the Fansteel Site.

13. Defendants understand from Plaintiff's counsel that EPA and DOJ Enforcement are

---

[1] In its Complaint, Plaintiff alleges that Citigroup is the successor to the environmental liabilities of Philipp Brothers, Inc. at the Fansteel Site.

[2] Preliminary volumetric calculations for UCC's RWM at the Fansteel Site are currently being performed by EPA's contractor Toeroek Associates, Inc. EPA has indicated it may provide such calculations to Plaintiff and UCC upon completion.

4

still in the process of determining which Vendor Defendants will be classified as *de minimis* and non-*de minimis* for purposes of *de minimis* settlement offers issued by EPA to *de minimis* Vendor Defendants and potential general and/or special notice letters from EPA to non-*de minimis* Vendor Defendants.

14. Plaintiff's counsel has stated that Plaintiff's understanding from its discussions with EPA/DOJ (to the exclusion of Citigroup and UCC) is that EPA/DOJ will be seeking to resolve each non-*de minimis* Vendor Defendant's equitable share of EPA's past eligible costs incurred as well as each non-*de minimis* Vendor Defendant's equitable share of future eligible costs for future remedial actions at the Fansteel Site. As stated in the Fifth Joint Status Report, Plaintiff understands that after EPA issues its *de minimis* settlement offers to eligible *de minimis* Vendor Defendants (stated then to be estimated sometime in March or April 2024, which did not occur), EPA/DOJ will be issuing future General Notice Letters, which will be followed by Special Notice Letters, to obtain the remaining non-*de minimis* Vendor Defendants' participation in the Fansteel Site long-term cleanup objectives.

15. As stated in the Fifth Joint Status Report under Section 113(b) of CERCLA, any Vendor Defendants who are found liable as potentially responsible parties under CERCLA and settle their CERCLA liability for EPA's eligible past and future costs at the Fansteel Site will receive contribution protection from any other claims for future response costs. Also, as stated before, Plaintiff contends that such contribution protection will not apply to Plaintiff's alleged past incurred response costs. Fansteel Metals will be seeking to resolve Citigroup and UCC's alleged respective equitable shares of Plaintiff's alleged eligible past incurred response costs in exchange for a dismissal with prejudice from this cause.

16. Plaintiff has provided the settlement agreement form Plaintiff proposes to use for

settling Plaintiff's alleged eligible past incurred response costs claims with all Vendor Defendants to counsel for Citigroup and UCC. Plaintiff's counsel has agreed to informally produce to counsel for Citigroup and UCC an itemization of Plaintiff's allegedly eligible past incurred response costs, along with access to all available backup documents for such past costs. Defendants UCC and Citigroup have asked for such documentation and Plaintiff's counsel has stated that such documents will be provided as soon as available.

17. As soon as EPA issues its *de minimis* settlement offers, the parties will know the RWM calculations for Citigroup, UCC, along with all other Vendor Defendants, which will allow the parties to determine Citigroup and UCC's alleged respective percentages of the total RWM calculation for all Vendor Defendants, and which will allow Plaintiff to issue specific settlement offer amounts to Citigroup and UCC for their respective alleged equitable shares of Plaintiff's alleged past incurred response costs.

18. Due to the timing discussed above and the uncertainty regarding the timing for EPA to issue its *de minimis* settlement offers, which will allow the Plaintiff to issue its settlement offers for alleged past response costs to Citigroup and UCC, Citigroup and UCC plan to file additional unopposed motions seeking further extensions of time to and including **August 31, 2024** for Citigroup and UCC to answer or file responsive pleadings to Plaintiff's Complaint in this case.

19. The requested extensions of time to and including **August 31, 2024** for Citigroup and UCC to answer or file responsive pleadings to Plaintiff's Complaint may continue to streamline and facilitate Plaintiff's Fed. R. Evid. 408 settlement discussions with Citigroup and UCC. The Parties believe such an extension of time saves judicial resources from having to monitor the status of each Defendant's compliance with its respective Fed. R. Civ. P. 6 or 12 deadlines and from having to address a cluttered docket that would certainly result if each of them

was required to seek individualized and varied extensions of time during the pendency of their upcoming and ongoing settlement discussions with Plaintiff.

20. Defendants' counsel contacted Plaintiff's counsel regarding the Defendants anticipated motions for extensions and he stated that he agrees with the Defendants' requests for extensions up to and including **August 31, 2024**, to answer or otherwise respond to Plaintiff's Complaint. The **August 31, 2024** date is the same as was granted recently in the companion case.

21. The Parties intend to update the Court regarding the status of this case and settlement discussions prior to the expiration of any additional leave granted for any further requested extensions on or about **August 20, 2024**.

Dated:  June 20, 2024

Respectfully submitted,

**THE JUSTIS LAW FIRM LLC**

*/s/Gary D. Justis*
Gary D. Justis E.D. Okla. ID 56723CO
P.O. Box 3408
201 Elk Ave., Unit B
Crested Butte, CO  81224
Telephone:  (970) 248-8360
Facsimile:  (970) 248-8386
Email:  gjustis@justislawfirm.com

ATTORNEYS FOR PLAINTIFF FANSTEEL METALS, INC. F/K/A FMRI, INC.

**DOERNER, SAUNDERS, DANIEL & ANDERSON, LLP**

*/s/ Michael S. Linscott*
William C. Anderson, OBA #292
Linda C. Martin, OBA #5732
Michael S. Linscott, OBA #17266
Michael J. English, OBA #21502
2 West Second St. Ste. 700
Tulsa, OK 74103
Telephone: (918) 582-1211
wanderson@dsdsa.com
lmartin@dsda.com
mlinscott@dsda.com

ATTORNEYS FOR CITIGROUP, INC.

**RICHARDS & CONNOR, PLLP**

*/s/Ethan M. Sneed*
Ethan M. Sneed
12th Fl., ParkCentre Bldg.
525 South Main Street
Tulsa, OK  74103
T: (918) 585-2394
esneed@richardsconnor.com

ATTORNEYS FOR UNION CARBIDE CORPORATION

**JOHNSON & BELL, LTD.**

*/s/Garrett L. Boehm, Jr.*
Garrett L. Boehm, Jr. (admitted pro hac vice)
Michael J. Linneman (admitted pro hac vice)
Daniel M. Yukich (admitted pro hac vice)
33 W. Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770
boehmg@jbltd.com
linnemanm@jbltd.com
yukichd@jbltd.com

ATTORNEYS FOR UNION CARBIDE CORPORATION

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 20, 2024, a copy of the foregoing Sixth Joint Status Report was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's Electronic Case Filing System.

                                                /s/ *Michael S. Linscott*
                                                Michael S. Linscott

8385608.1