IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FANSTEEL METALS, INC.<br>F/K/A FMRI, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP, INC.; and<br>UNION CARBIDE CORPORATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 6:22-cv-00366-JFH-GLJ<br>)<br>)<br>)<br>)<br>)<br>) |

**ELEVENTH JOINT STATUS REPORT**

The parties hereto ("Parties"), comprising the Plaintiff, Fansteel Metals, Inc. f/k/a FMRI, Inc. ("Plaintiff" or "Fansteel"), by and through its undersigned counsel, and Defendants Citigroup, Inc. ("Citigroup") and Union Carbide Corporation ("UCC"), by and through their respective undersigned counsel, subject to each Defendants' reservation of all defenses and procedural rights including all those under Fed. R. Civ. P 12 (b), except as to service, and subject to all other defenses they may later assert in a responsive motion or answer to Plaintiff's Complaint, without waiver, respectfully submit this updated Eleventh Joint Status Report:

1.  This is a civil action pursuant to the provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq*. ("CERCLA"), relating to the release and/or threatened release of hazardous substances from the former Fansteel, Inc. facility located at 10 Tantalum Place, Muskogee County, Muskogee, Oklahoma, as well as any area where hazardous substances that migrated from the Fansteel site have come to be located (collectively, the "Fansteel Site").

2. This case was filed on December 14, 2022 (Dkt. #2). As indicated in the Civil Cover Sheet (Dkt. #1), this case is related to the pending case styled *Fansteel Metals, Inc. v. Muskogee City-County Port Authority, et al.*, Case No. 21-cv-102-RAW ("Underlying Case"). This separate related case was filed by Plaintiff's counsel because Plaintiff's lead counsel in the Underlying Case has conflicts with Citigroup and UCC.

3. Both Citigroup and UCC have waived service, and Plaintiff has filed their executed Waivers of Service in this case (Dkt. # 8, 11) but have reserved all of their respective rights to assert all defenses and procedural rights including all those under Fed. R. Civ. P 12 (b), except for service as noted above, and subject to all other defenses they may later assert, without waiver.

4. By virtue of the Tenth Joint Status Report filed by the Parties on June 27, 2025 (Dkt. #76) and unopposed motions for extensions of time filed by Citigroup and UCC to answer or otherwise respond to Plaintiff's Complaint until November 7, 2025 (Dkt. #77, 79), the Court extended the time for both Citigroup and UCC to answer or file responsive pleadings to Plaintiff's Complaint to November 7, 2025, and ordered the parties to submit an Eleventh Joint Status Report by October 31, 2025 (Dkt. # 78, 80). Plaintiff's counsel and UCC's counsel have reviewed and approved the filing of this Eleventh Joint Status Report, and further said they will consent to Defendants' anticipated motions for extension of time to answer or otherwise respond to Plaintiff's Complaint.

5. Plaintiff maintains that its Section 113(f) claims arose on June 2, 2020, when the Bankruptcy Court for Fansteel Inc.'s 2016 bankruptcy entered the Environmental Settlement Agreement ("ESA") that resolved claims against Fansteel and Plaintiff by the United States, on behalf of the Nuclear Regulatory Commission ("NRC") and Environmental Protection Agency ("EPA"), and the Oklahoma Department of Environmental Quality ("ODEQ").

6. Pursuant to the ESA, Plaintiff was to complete its investigation and remediation of the Fansteel Site as required by the NRC, EPA and ODEQ and to pursue all potentially responsible parties ("PRPs") under CERCLA for their share of Fansteel's and Plaintiff's eligible response costs incurred and to be incurred to investigate and remediate the Fansteel Site. As relevant here, Section 113(f)(3)(B) provides:

> A person that has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement referred to in [Section 113(f)(2)].

7. Plaintiff's pursuit of contribution from PRPs based on its settlement is subject to a three-year statute of limitations from the date of "entry of a judicially approved settlement with respect to such costs." 42 U.S.C. § 9613(f)(2). Plaintiff maintains such period thus expired June 2, 2023. *See id*.

8. As noted in prior Status Reports filed in the Underlying Case, Plaintiff previously furnished to the EPA documents that comprise its Vendor Documents that it compiled in order to respond to the EPA's Request for Information pursuant to 42 U.S. Code § 9604(e) (the "EPA RFI").

9. In addition to the EPA RFI-responsive Vendor Documents, Plaintiff has stated that the following additional records have been provided by Plaintiff to the EPA:

  a. Additional secondary and further supportive Vendor Documents not included in Plaintiff's EPA RFI response;

  b. Copies of Plaintiff's Chart of preliminary volumetric calculations for the Vendor Defendants' residual waste materials ("RWM") at the Fansteel Site, including its initial February 1, 2022 Chart, as well as its April 25, 2022 Updated Chart, its March 14, 2023 Second Updated Chart, and its further

3

    revised March 28, 2023 Second Updated Chart, which were updated and revised as described in greater detail below;

  c. Copy of preliminary volumetric RWM calculations spreadsheet for Citigroup (reflecting RWM based upon Philipp Brothers, Inc.'s purchase arrangements with Fansteel[1]), performed by Plaintiff's counsel in this case[2]; and

  d. A summary version of Plaintiff's updated Confidential Memorandum, to inform the EPA and DOJ about the private-party settlement structure options Plaintiff will be presenting to Citigroup and UCC once the RWM calculations are completed and reviewed and approved by EPA and its contractor.

10. Counsel for Plaintiff in this case has informally provided all nexus documents used to perform RWM calculations for Citigroup and UCC to counsel for Citigroup and UCC in this case.

11. Plaintiff's counsel in this case has also informally provided to counsel for Citigroup and UCC most of the nexus documents for the Vendor Defendants in the Underlying Case, as well as various technical administrative records for the Fansteel Site.

12. Since the Parties' Tenth Joint Status Report filed on June 27, 2025 (Dkt. # 76), there continue to be developments with respect to the Fansteel Site.

13. Defendants understand from Plaintiff's counsel that EPA and DOJ Enforcement

---

[1] In its Complaint, Plaintiff alleges that Citigroup is the successor to the environmental liabilities of Philipp Brothers, Inc. at the Fansteel Site.

[2] Preliminary volumetric calculations for Citigroup and UCC's RWM at the Fansteel Site have separately been performed by EPA's contractor Toeroek Associates, Inc. Plaintiff's counsel in this case has advised counsel for Citigroup and UCC that they may contact Geoffrey Allen at EPA to obtain their respective RWM calculations performed by Toeroek since EPA currently will only agree to provide them to each particular Vendor Defendant.

4

have now determined which Vendor Defendants will be classified as *de minimis* and non-*de minimis* for purposes of *de minimis* settlement offers issued by EPA to *de minimis* Vendor Defendants and potential general and/or special notice letters from EPA to non-*de minimis* Vendor Defendants.

14. Plaintiff's counsel has stated that Plaintiff's understanding from its discussions with EPA/DOJ (to the exclusion of Citigroup and UCC) is that EPA/DOJ will be seeking to resolve each non-*de minimis* Vendor Defendant's equitable share of EPA's past eligible costs incurred as well as each non-*de minimis* Vendor Defendant's equitable share of future eligible costs for future remedial actions at the Fansteel Site. Plaintiff understands that after EPA has issued at least some of its *de minimis* settlement offers to eligible *de minimis* Vendor Defendants, EPA/DOJ will be issuing future General Notice Letters, which will be followed by Special Notice Letters, to obtain the remaining non-*de minimis* Vendor Defendants' participation in the Fansteel Site long-term cleanup objectives. As of this filing, the Defendants are unaware whether the EPA/DOJ have issued any other General Notice Letters or any Special Notice Letters and have not received any such notices.

15. As stated in the Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Joint Status Reports, under Section 113(b) of CERCLA, Plaintiff understands that any Vendor Defendants who are found liable as potentially responsible parties under CERCLA and settle their CERCLA liability for EPA's eligible past and future costs at the Fansteel Site will receive contribution protection from any other claims for future response costs. Also, as stated before, Plaintiff contends that such contribution protection will not apply to Plaintiff's alleged past incurred response costs. Fansteel Metals will be seeking to resolve Citigroup and UCC's alleged respective equitable shares of Plaintiff's alleged eligible past incurred response costs in exchange for a dismissal with prejudice

from this cause.

16. Plaintiff has provided a settlement agreement form that Plaintiff proposes to use for settling Plaintiff's alleged eligible past incurred response costs claims with all Vendor Defendants to counsel for Citigroup and UCC. Plaintiff's counsel has informally produced to counsel for Citigroup and UCC an itemization of Plaintiff's allegedly eligible past incurred response costs, along with access to all available backup documents for such past costs. Subsequently, Plaintiff's counsel provided some additional past cost documentation, though not all of such documentation. Such documentation is in electronic boxes produced recently and is being reviewed by Defendants. It is understood from Plaintiff's counsel that Plaintiff's personnel continue to work diligently on gathering the remaining response cost documentation and hope to provide Citigroup and UCC with such documentation and information soon. In addition, there remains some documentation that may require entry of a "Clawback" agreement. The Defendants are reviewing that documentation and hope to reach agreement on its terms soon. This information is necessary for the Defendants to assess settlement options and will need time to assess the information provided.

17. In addition, even though EPA has issued certain *de minimis* settlement offers, the Parties neither know the EPA's RWM calculations for Citigroup and UCC, nor the other Vendor Defendants, which would allow the parties to determine Citigroup and UCC's alleged respective percentages of the total RWM calculation for all Vendor Defendants, and could allow Plaintiff to more definitively issue specific settlement offer amounts to Citigroup and UCC for their respective alleged equitable shares of Plaintiff's alleged past incurred response costs. The only specific information is that provided by Plaintiff's counsel and appears to be only estimations by Plaintiff's counsel that Defendants do not believe have been confirmed by EPA's consultant.

18. Due to the timing discussed above and the uncertainty regarding the timing of when

Defendants will receive complete information that would allow the Defendants to assess any settlement offers from the Plaintiff for alleged past response costs, Citigroup and UCC plan to file additional unopposed motions seeking further extensions of time to and including March 9, 2026, for Citigroup and UCC to answer or file responsive pleadings to Plaintiff's Complaint in this case.

19. The requested extensions of time to and including March 9, 2026, for Citigroup and UCC to answer or file responsive pleadings to Plaintiff's Complaint would continue to streamline and facilitate Plaintiff's Fed. R. Evid. 408 settlement discussions with Citigroup and UCC. The Parties believe such an extension of time saves judicial resources from having to monitor the status of each Defendant's compliance with its respective Fed. R. Civ. P. 6 or 12 deadlines and from having to address a cluttered docket that would certainly result if each of them was required to seek individualized and varied extensions of time during the pendency of their upcoming and ongoing settlement discussions with Plaintiff.

20. Defendants' counsel contacted Plaintiff's counsel regarding the Defendants' anticipated motions for extensions and Plaintiff's counsel stated that he agrees with the Defendants' requests for extensions up to and including March 9, 2026, to answer or otherwise respond to Plaintiff's Complaint. Earlier this month, the Court in the Underlying Case granted the Parties' Motion to Expedite Ruling for Entry of Seventh Amended Initial Interim Case Management Order, Agreed Motion to Stay Deadlines, Agreed Motion to Extend Deadlines Until January 15, 2026.

21. If the anticipated requests for extensions mentioned above are granted in this case, the Parties intend to update the Court regarding the subsequent status of this case and settlement discussions prior to the expiration of any additional leave granted for any further requested extensions to answer or respond, on or about February 27, 2026.

Dated: October 31, 2025.

Respectfully submitted,

**THE JUSTIS LAW FIRM LLC**

*/s/Gary D. Justis*
Gary D. Justis  E.D. Okla. ID 56723CO
P.O. Box 3408
201 Elk Ave., Unit B
Crested Butte, CO  81224
Telephone:  (970) 248-8360
Facsimile:  (970) 248-8386
Email:  gjustis@justislawfirm.com

ATTORNEYS FOR PLAINTIFF FANSTEEL METALS, INC. F/K/A FMRI, INC.
**DOERNER, SAUNDERS, DANIEL & ANDERSON, LLP**

*/s/ Michael S. Linscott*
William C. Anderson, OBA #292
Linda C. Martin, OBA #5732
Michael S. Linscott, OBA #17266
2 West Second St. Ste. 700
Tulsa, OK 74103
Telephone: (918) 582-1211
wanderson@dsdsa.com
lmartin@dsda.com
mlinscott@dsda.com

ATTORNEYS FOR CITIGROUP, INC.

**CONNOR SMITH, PLLP**

*/s/Ethan M. Sneed*
Ethan M. Sneed
12th Fl., ParkCentre Bldg.
525 South Main Street
Tulsa, OK  74103
T: (918) 585-2394
esneed@connorsmithlaw.com

ATTORNEYS FOR UNION CARBIDE CORPORATION

8

**JOHNSON & BELL, LTD.**

*/s/Garrett L. Boehm, Jr.*
Garrett L. Boehm, Jr. (admitted pro hac vice)
Michael J. Linneman (admitted pro hac vice)
Daniel M. Yukich (admitted pro hac vice)
33 W. Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770
boehmg@jbltd.com
linnemanm@jbltd.com
yukichd@jbltd.com

ATTORNEYS FOR UNION CARBIDE CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2025, a copy of the foregoing Eleventh Joint Status Report was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's Electronic Case Filing System.

/s/ *Michael S. Linscott*
Michael S. Linscott

8786054.1