**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) FANSTEEL METALS, INC.,<br>    F/K/A FMRI, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.6:22-cv-00366-JFH- |
| vs. | ) | GLJ |
| | ) | |
| (1) CITIGROUP, INC.; and | ) | |
| (2) UNION CARBIDE CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT UNION CARBIDE CORPORATION'S TWELFTH UNOPPOSED**
**MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE**
**RESPOND TO COMPLAINT [Dkt. 2]**

**COMES NOW** Defendant Union Carbide Corporation ("Union Carbide"), by and through its counsel of record, and, while reserving all defenses as stated in all previous status reports, extension requests, and the Thirteenth Joint Status Report [Dkt. 91], respectfully requests an extension to September 22, 2026, of its time to answer or file other responsive pleading to Plaintiff's Complaint in this case. In further support thereof, Union Carbide submits the following:

1.      The reasons for this request are stated in more detail in the Thirteenth Joint Status Report of the Parties filed on July 6, 2026, incorporated herein by reference. [Dkt. 91.]

2.      The current deadline for Union Carbide to Answer or otherwise respond to Plaintiff's Complaint is July 13, 2026. [Dkt. 90.]

3.      Since the filing of the Twelfth Joint Status Report, on March 2, 2026 [Dkt. 86], there has been progress regarding the Fansteel Site, which is at issue in this CERCLA action. As the Thirteenth Joint Status Report more fully describes, Defendants understand from Plaintiff''s counsel that EPA and DOJ Enforcement have determined which Vendor Defendants (also, referred to as PRPs, potentially responsible parties) will be classified as *de minimis* and non-*de minimis* for purposes of *de minimis* settlement offers issued by EPA to *de minimis*

1

Vendor Defendants and potential general and/or special notice letters from EPA to non-*de minimis* Vendor Defendants, and Plaintiff has provided to the Defendants in this case a settlement agreement form dealing with past response costs.  It was also disclosed in the June 2, 2026, Joint Status Report in the Companion Case that Fansteel and USEPA are entering into a "single settlement"  model that could resolve claims against all of the defendants in that case, except one, and provide certain information to the "participating defendants", all of which could impact settlement in this case.  An extension would allow for that process to play out as it likely will impact settlement efforts in this case.

4.    The Parties believe that it will be beneficial to continue informal document sharing, including the documentation from Fansteel noted in earlier Joint Status Reports, while awaiting final information from the U.S. EPA's third-party contractor on the RWM calculations. Due to timing of the issues noted in the Thirteenth Joint Status Report and previous status reports to the Court, evaluation of the previously presented, revised settlement agreement form, review of documentation provided and any other documents that may be subsequently provided, and because the Parties continue to await the final report of U.S. EPA's third-party contractor, Toeroek Associates, Inc. ("Toeroek") which we understand will include final calculations or its determination of the percentage of total alleged RWM volume at the Fansteel Site attributable to specific Defendants, and because this information is necessary before proceeding with pleadings and discovery, this Defendant and the other Parties believe that the requested additional extension of time to answer or file a responsive pleading will save judicial resources, streamline this case, and may facilitate settlement discussions between the Parties. Thus, Union Carbide submits that there is good cause for the requested extension of time

stated in the Thirteenth Joint Status Report (July 6, 2026, Dkt. 91) for its new deadline to answer or to otherwise respond to Plaintiff's Complaint of September 22, 2026.

5.      Union Carbide previously filed an unopposed motion for an extension of time on May 31, 2023 [Dkt. 32], for reasons set out in that motion and more fully in the Second Joint Status Report filed May 22, 2023 [Dkt. 31], which the Court granted in its Minute Order of May 31, 2023, making Union Carbide's deadline to answer or otherwise respond September 1, 2023. [Dkt. 33.]

6.      Union Carbide filed a second unopposed motion for extension of time to answer or otherwise respond on or about August 22, 2023 [Dkt. 38], for the reasons stated therein and the Third Joint Status Report filed on August 21, 2023 [Dkt. 37], which was granted on August 22, 2023, making Union Carbide's deadline to answer or otherwise respond December 1, 2023. [Dkt. 39.]

7.      Union Carbide filed a third unopposed motion for extension of time to answer or otherwise respond on or about November 28, 2023 [Dkt. 44], which was granted on November 28, 2023, making Union Carbide's deadline to answer or otherwise respond April 1, 2024. [Dkt. 45.]

8.      Union Carbide filed a fourth unopposed motion for extension of time to answer or otherwise respond on or about March 22, 2024 [Dkt. 49], which was granted on March 25, 2024, making Union Carbide's deadline to answer or otherwise respond July 1, 2024. [Dkt. 50.]

9.      Union Carbide filed a fifth unopposed motion for extension of time to answer or otherwise respond on or about June 24, 2024 [Dkt. 56.], which was granted on June 24, 2024, making Union Carbide's deadline to answer or otherwise respond September 3, 2024. [Dkt. 57.]

10.     Union Carbide filed a sixth unopposed motion for extension of time to answer or otherwise respond on August 26, 2024 [Dkt. 64], which was granted on August 26, 2024, making Union Carbide's deadline to answer or otherwise respond January 6, 2025. [Dkt. 65].

11.     Union Carbide filed a seventh unopposed motion for extension of time to answer or otherwise respond on December 30, 2024 [Dkt. 68], which was granted on the same day, making Union Carbide's deadline to answer or otherwise respond April 7, 2025. [Dkt. 70].

12.     Union Carbide filed its Unopposed Eighth Motion for Extension of Time to Answer or Otherwise Respond to the Complaint which was granted, extending Union Carbide's deadline to Answer or Otherwise Respond to Plaintiff's Complaint to July 7, 2025. [Dkt. 75].

13.     Union Carbide filed its Ninth Unopposed Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint, which was granted, extending Union Carbide's deadline to Answer or Otherwise Respond to Plaintiff's Complaint to November 7, 2025. [Dkt. 80].

14.     Union Carbide filed its Tenth Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint, which was granted, extending Union Carbide's deadline to Answer or Otherwise Respond to Plaintiff's Complaint to March 9, 2026. [Dkt. 83].

15.     Union Carbide filed its Eleventh Unopposed Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint, which was granted, extending Union Carbide's deadline to Answer or Otherwise Respond to Plaintiff's Complaint to July 13, 2026 [Dkt. 90].

16.     The requested extension in this Twelfth Unopposed Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint is supported as stated herein and in the Thirteenth Joint Status Report [Dkt. 91].

4

17.     There is currently no scheduling order in this case, and no trial has been set, and the requested extension will not have any effect on any other deadlines.

18.     Counsel for Plaintiff and counsel for Defendant Citigroup Inc. have indicated that each consent to and have no objection to Union Carbide's requested extension of time to answer or otherwise respond to the Complaint.

19.     A proposed Order will be submitted pursuant to the Local Rules.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Union Carbide Corporation respectfully requests that the Court grant Union Carbide Corporation an extension until September 22, 2026, to file its Answer or other responsive pleading.

Respectfully submitted,

*/s/ Ethan M. Sneed*
Garrett L. Boehm, Jr.* (Illinois Bar. No. 6269438)
Michael J. Linneman* (Illinois Bar. No. 6275375)
Daniel Y. Yukich* (Illinois Bar. No. 6307378)
JOHNSON & BELL, LTD.
33 W. Monroe St., Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Facsimile: (312) 372-9818
boehmg@jbltd.com
linnemanm@jbltd.com
yukichd@jbltd.com
          ~and~
CONNOR SMITH, PLLP
James W. Connor, Jr., OBA #12248
Ethan M. Sneed, OBA #32872
12th Floor, ParkCentre Bldg.
525 S. Main St.
Tulsa, Oklahoma 74103
Telephone: (918) 585-2394
Facsimile: (918) 585-1449
jconnor@connorsmithlaw.com
esneed@connorsmithlaw.com

*\* Admitted pro hac vice*
*Attorneys for Defendant Union Carbide Corp.*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Gary D. Justis                  gjustis@justislawfirm.com
*Attorneys for Plaintiff*

James W. Connor, Jr.            jconnor@connorsmithlaw.com
Ethan M. Sneed                  esneed@connorsmithlaw.com
*Co-counsel for Union Carbide Corp.*

William C. Anderson
Linda C. Martin                 wanderson@dsdsa.com
Michael S. Linscott             lmartin@dsdsa.com
Michael J. English              mlinscott@dsdsa.com
*Attorneys for Citigroup*        menglish@dsdsa.com
*Inc.*


                                */s/Ethan M. Sneed*

6